GEORGE B. SKINNER, Appellant, v. JANE QUIN, Respondent.

R., by will, after the payment of his debts, gave to his executor all his estate, in trust for the following uses and purposes: to pay and apply the whole net income to the use and support of his mother and his wife (the defendant), share and share alike, during the life of his mother, permitting them to occupy his farm during her life; and upon her death, to pay two specified legacies. He also directs the executor to invest a certain sum, and apply the income to the support of certain legatees. By the

---

fifth clause, he gave " all the rest, residue and remainder of his said estate to his beloved wife, Jane Rhead, and to her heirs and assigns forever, which was to be accepted and received in lieu of dower and right of dower; and *he hereby authorized and empowered his said executor to sell and convey his real estate at any time after the death of his said mother, and to pay over the proceeds thereof to his said wife.*

*Held,* that the power to sell, given to the executor, was legal and valid, as a power in trust, and not inconsistent with or repugnant to the residuary devise.

An order, procured by a party against whom judgment is ordered, directing the successful party to enter such judgment, so that an appeal may be taken, is proper and in accordance with regular practice.

(Argued October 28, 1870; decided November 22, 1870.)

APPEAL by plaintiff from a judgment of the late General Term of the Supreme Court, in the second district, affirming a judgment at circuit and order of Special Term denying plaintiff's motion for a new trial.

This was an action originally brought against Joseph H. Palmer, executor of the last will and testament of Benjamin Rhead, deceased, and Jane Quin, formerly his widow, to recover possession of a farm in Yonkers.

Benjamin Rhead, who owned these premises, at the time of his death, which occurred in July, 1861, left a will, part of the first clause of which reads as follows : " First. After all my lawful debts are paid and discharged, I give and bequeath unto Joseph H. Palmer, of the said town of Yonkers, my executor hereinafter nominated and appointed, all my estate real and personal, wheresoever situated, and of what nature or kind soever, in trust nevertheless, and to and for the following uses and purposes," to pay and apply the whole net income to the use and support of his mother and wife (the respondent), share and share alike, during the life of his mother, permitting them to occupy his farm in Yonkers (the farm in question) during the life of the same person. Upon her death, by the second and third clauses of the will, two specified legacies are to be paid; and by the fourth clause, the executor is to invest a certain sum, and apply the income to the support of certain persons.

The fifth clause is as follows:

5th. I do give, devise, and bequeath, all the rest, residue and remainder of my said estate to my beloved wife, Jane Rhead, and to her heirs and assigns forever, which is to be accepted and received in lieu of all dower and right of dower; and I do hereby authorize and empower my said executor to sell and convey my real estate at any time after the death of my said mother, and pay over the proceeds thereof to my said wife; and I do also authorize and empower my said executor to sell and convert into cash all my personal effects.

The will was admitted to probate July 22, 1861. The testator's mother died October 17, 1861.

The plaintiff, appellant, claims title to the premises under a deed given by Palmer, the executor, in July, 1864, purporting to convey said farm in execution of the trusts under the will.

The defendant, Jane Quin, the respondent (the complaint having been heretofore dismissed as to the other defendant, Palmer, the executor), claims title to the same premises, as devisee under the will.

The cause was tried at the Westchester circuit, in June, 1867, before Hon. JOHN A. LOTT, justice, who, feeling himself bound by the decision of the General Term of that district, in an action of trespass brought by the present defendant against the present plaintiff, involving the same legal question (reported 49 Barb., 128), directed the jury to find a verdict for the defendant. A motion for a new trial was made and denied.

The plaintiff appealed from the judgment and order on the 29th of June, 1867, to the General Term. The order of affirmance was entered February 15, 1868; an order was granted at Special Term held in December, 1868, on plaintiff's motion, that defendant enter judgment in ten days, or, upon failure to do so, an attachment issue against the attorney for defendant. Judgment of affirmance was accordingly entered in December, 1868.

*Henry E. Davies and Noah Davis,* for the appellant, cited *Brewster* v. *Striker* (2 N. Y., 19); *Leggett* v. *Perkins* (id., 297); 1 R. S., 729, §§ 60, 61; 4 Kent Com., 319, note C.; *Dorland* v. *Dorland* (2 Barb., 63); *Bogert* v. *Hertell* (4 Hill, 492); *Morton* v. *Morton* (8 Barb., 18); *Meaking* v. *Cromwell* (5 N. Y., 136); 1 R. S., 734; *Selden* v. *Vermilyea* (1 Barb., 58); *Downing* v. *Marshall* (23 N. Y., 366, 381); 1 R. S., 729, § 58; *Downing* v. *Marshall* (*supra,* 379, 380); *Crittenden* v. *Fairchild* (41 N. Y., 289); *Kinnier* v. *Rogers* (55 Barb., 85); S. C. (42 N. Y., 531); *Arnold* v. *Gilbert* (5 Barb., 190); *Vail* v. *Vail* (4 Paige, 317); *Davoue* v. *Fanning* (2 John. Ch., 252). As to the construction of the will, he cited *Gore* v. *Gore* (10 Mod., 502, 523); 2 Mod., 223; *Reeves* v. *Newenham* (2 Ridg., 36); *Falkland* v. *Bertie* (Holt, 232); Plow., 162, 413, 522, 523, 540; 2 Leon., 42, 43; *Bosworth* v. *Forard* (Orl. Bridg., 158); *Henlage* v. *Andover* (10 Price, 316); *Dashiell* v. *Dashiell* (2 Harris & Gill); *Petty* v. *Godard* (Orl. Bridg., 41); *Ridout* v. *Dowding* (1 Atk., 419); *Reeve* v. *Long* (Comb., 252); Jenk., 277; *Falkland* v. *Bertie* (Holt, 232); *Thellusson* v. *Woodford* (4 Vesey, 329, 340); *Innes* v. *Johnson* (id., 574); *Reeves* v. *Brymer* (id., 698); *Sims* v. *Doughty* (5 Vesey, 243); *Holloway* v. *Holloway* (id., 401); *Wilde* v. *Holtzmeyer* (id., 818); *Constantine* v. *Constantine* (6 id., 100); *Longmore* v. *Broom* (id., 130); *Ex parte Ilchester* (id., 368); *Sibley* v. *Perry* (id., 522); *Jones* v. *Colbeck* (8 id., 42); *Milnes* v. *Slater* (id., 306); *Thellusson* v. *Woodford* (11 id., 148); *Leigh* v. *Leigh* (15 id., 103); *Crone* v. *Odell* (1 Ball & B., 460, 466, 480); *Winslow* v. *Tighe* (2 id., 204); 2 Mer., 22; 4 Rand. Rep., 213; 8 Yerger, 4; 10 id., 444; 1 Mer., 503; 1 McCord's R., 411; *Stephens* v. *Hide Co.* (Temp. Talb., 29; 3 Leon, 11, 28, 29; 2 Salk., 236, 226, 227, 2–17); *Dalby* v. *Chaupernoon* (Holt, 229); *Ide* v. *Ide* (5 Mass., 500); *Reed* v. *Underhill* (12 Barb., 113).

*F. N. Bangs,* for the respondent, cited 1 R. S., 727, §§ 47, 49; *Re De Kay* (4 Paige, 403); *Welch* v. *Allen* (21 Wend., 147); *Frazer* v. *Western* (1 Barb. Ch., 220); *De Peyster* v.

*Clendenning* (8 Paige, 195); *Barker* v. *Devereux* (id., 518); *Parks* v. *Parks* (9 id., 107); *Jarvis* v. *Babcock* (5 Barb., 139); *Bard* v. *Fort* (3 Barb. Ch., 632); *Nicoll* v. *Walworth* (4 Denio, 358); *De Barante* v. *Gott* (10 Barb., 501); *Rawson* v. *Lampman* (1 Selden, 456); *Fellows* v. *Emperor* (13 Barb., 92); *Lovett* v. *Gillender* (35 N. Y. R., 617); 1 R. S., 620, § 67; 2 Story's Eq. Jur., § 794; *Hunt* v. *Rousmaniere* (8 Wheat., 207); *Reed* v. *Underhill* (12 Barb., 117); 1 R. S., 734, § 96; 1 R. S., 732, § 94; 1 R. S., 734, §§ 96, 97, 99; *McDonough* v. *Loughlin* (20 Barb., 238); *James* v. *Morey* (2 Cow., 246); *Nicholson* v. *Halsey* (1 John. Ch., 416); *Wood* v. *Wood* (5 Paige, 596); *Farmer's L. & T. Co.* v. *Carrall* (5 Barb., 613, 642); *Johnson* v. *Jansen* (8 John., 72); *Sharpsteen* v. *Tillou* (8 Cow., 615); *Slocum* v. *Slocum* (4 Ed. Ch., 613); *Lovett* v. *Kingsland* (44 Barb., 560); *Godhill* v. *Brigham* (1 Bos. & P., 193); *Maundrell* v. *Maundrell* (7 Vesey, Jr., 567); 1 R. S., 732, §§ 81, 85; *Allen* v. *De Witt* (3 Com., 279); *Ives* v. *Davenport* (3 Hill, 373).

GROVER, J.   The counsel for the respondent insists that this case ought not to be heard and determined by this court, for the reason that the appellant procured an affirmance of the judgment rendered against him by the General Term against the efforts of the respondent to procure a different result.

If the fact appeared, as insisted upon by the counsel, his conclusion would be right.   In such a case the appeal should be dismissed.

A party has no right to come into this court to obtain the reversal of a judgment rendered against him by his consent.

·But the fact does not *appear*.   The case shows that the parties are litigating in respect to a valuable farm, each claiming title thereto in fee.

That previous to the last trial, the question involved had been before considered by the General Term, by which it was determined that the respondent had the legal title, and that the plaintiff could not recover.

That this determination was followed upon the trial and judgment for the respondent, in accordance therewith, given. That, upon the hearing of the appeal by the General Term, the respondent failed to appear. That the case was submitted by the counsel for the appellant, and the court, according to the previous decision, affirmed the judgment.

That the counsel for the respondent refused to enter judgment, whereupon the appellant procured an order, upon motion to the court, against the respondent, compelling him to enter judgment, so that an appeal could be taken therefrom to this court.

The practice pursued by the appellant has been entirely regular, and it is difficult to see by what other course he could obtain a review by this court of the legal questions finally decided adverse to him by the Supreme Court. (The Seneca Nation of Indians, 19th N. Y., 587.)

The parties both agree that Benjamin Rhead was seized in fee of the farm at the time of his death. The plaintiff claims title under a deed purporting to convey the farm in fee, given to him by Joseph H. Palmer, executor of the will of Mr. Rhead, in execution of the alleged trusts created by the will.

The respondent claims title as devisee in fee under the same will. The parties, it will thus be seen, differ materially in the construction of the will, and it becomes necessary to settle this construction to determine which has title to the farm.

By the first clause of the will, the testator, after the payment of all his debts, gives unto Joseph H. Palmer (his executor) all his estate, real and personal, in trust to and for the following purposes:

1. To pay and apply the whole net income to the use and support of his mother and of his wife (the respondent), share and share alike during the life of his mother, and to permit them to use and occupy his farm in Yonkers (the farm in question), during the life of his mother.

2 and 3. Upon the death of his mother, to pay a specified legacy to Benjamin Fowler, and another to Isaac V. Fowler, Jr.

4. He orders his executor to invest the sum of $5,000, and to apply the income thereof for the support and education of the children of three several persons named, one-third to the children of each during their minority, and upon their attaining their majority to divide the principal among the children *per stirpes*, etc.

By the fifth clause of the will, the testator gave all the rest and remainder of his estate to his wife in lieu of dower, and authorized and empowered his executor to sell and convey his real estate, at any time after the death of his mother, and to pay over the proceeds to his wife, and also to convert into cash all his personal effects. Lastly he appointed Palmer, the grantor of the defendant, executor.

Looking at the will as a whole, the intention of the testator can hardly be mistaken. That intention was to give to his executor the entire title of all his estate upon the trusts specified in the will.

This is clearly expressed in the first clause. The second, third and fourth clauses enumerate these trusts in part, and the fifth clause completes such enumeration.

The respondent insists, that, by the fifth clause, a different intent is expressed; but reading that clause as a whole, the intention manifested thereby accords with that of the prior portions of the will.

By the bequest to the wife, in the fifth clause, of all residue of his property, the testator designed that she should receive only what remained after the debts and legacies previously given were satisfied, and the power given in the same clause to his executor to sell and convey his real estate after the death of his mother, and the direction to pay over the proceeds to his wife, shows that the testator designed to give to his wife a pecuniary legacy, consisting of such proceeds, and not to devise to her the real estate, or any portion of it; unless this was his purpose, why, after giving all his property

HAND — VOL. IV.    14

to his executor upon certain trusts, in the first clause, does he empower him to sell and convey the real estate, by the fifth clause, and direct him to pay over the proceeds to his wife?

This direction to pay over the proceeds to her must be construed in connection with the bequest to her of the remainder in the first part of the clause; and when so construed it will appear that by "the proceeds" was intended the balance remaining after satisfying the other legacies given by the will.

The trusts created by the will are all legal and valid. One was to receive the income of the estate, to pay and apply the same to the support of the testator's wife and mother during the life of the latter, and to permit them to occupy the farm as a home during the same period.

A trust to receive rents and profits and apply them to the use of any person during the life of such person or for any shorter period is expressly authorized. (1 R. S., 728, § 55; *Leggett* v. *Perkins*, 2 N. Y., 297.)

The same section authorizes a trust to sell, mortgage or lease lands for the benefit of legatees, etc. (*Kinnier* v. *Rogers*, 3 Hand, 531; 42 N. Y.)

It can make no difference, as to the validity of the trust, whether the sale is for the benefit of a *sole* legatee or for that of several.

It follows that the appellant established a *prima facie* title to recover, when he had introduced the will of Rhead and a deed of Palmer to him, after proving the seizin in fee of the former at the time of his death. The judge erred in charging otherwise.

But, if not valid as a trust, it clearly is as a power in trust, which would lead to the same result.

The judgment appealed from must be reversed and a new trial ordered, costs to abide the event; all the judges concurring.

All the judges concurring in the result, on the ground that the power to sell was valid as a power in trust. Judgment reversed and new trial ordered.